FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 3:50 pm, Jun 01, 2020

# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | CASE NO. 417-cr-060-5 |
| | * | |
| v. | * | |
| | * | |
| CEDRIC MANIOR, | * | |
| | * | |
| Defendant, | * | |

**ORDER**

Presently before the Court is Cedric Manior's ("Manior") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(a), as modified by the First Step Act of 2018. Dkt. No. 473. For the reasons set forth below, Manior's motion is **DISMISSED.**

**BACKGROUND**

In August 2017, under a written plea agreement, Manior pleaded guilty to conspiracy to distribute a quantity of cocaine base and crack cocaine (Count One) and being a felon in possession of a firearm (Count Ten), in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. Dkt. Nos. 144, 145. In March 2018, the Court sentenced Manior to 120 months' imprisonment with the Bureau of Prisons ("BOP") for each count, to be served concurrently, followed by three years' supervised

release.  Dkt. No. 311.  Manior did not directly appeal.  He later moved to vacate his conviction and sentence under 28 U.S.C. §§ 2255, dkt. no. 437, which the Court dismissed, dkt. no. 458. Manior's motion for reconsideration of that Order is still pending. Dkt. No. 462.  In February 2020, Manior moved for a reduction in sentence under 18 U.S.C. 3582(c)(2), claiming that his judgment of conviction was not accurate.  Dkt. No. 469.  The Court denied his motion.  Dkt. No. 471.  According to the BOP website, Manior is currently incarcerated at FCI Oakdale located in Oakdale, Louisiana, with a projected release date of October 5, 2025.

## DISCUSSION

Manior now moves the Court for a reduction in sentence in the form of home confinement under 18 U.S.C. § 3582(c)(1)(A).  Dkt. No. 473.  Manior's motion is primarily based on the COVID-19 pandemic and his assertion of danger to his health.  In support of his motion, Manior cites to the CARES Act, i.e. the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.  It is important to understand that a request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release.  The BOP is utilizing its authority under 18 U.S.C. § 3623(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c)—to effectuate the Attorney General's directive to the BOP regarding home confinement in

2

connection with the CARES Act.[1] These statutes do not authorize a federal court to order the BOP to release a prisoner. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020) (explaining that under § 60541(g)(1)(A) the Attorney General "may" release eligible elderly offenders, and district court was without jurisdiction to grant relief); see also United States v. Lovelace, No. 12-402, 2014 WL 4446176, at *2 (N.D. Ga. Sept. 2014) ("[T]he Court has no authority to grant Defendant's request and order the Bureau of Prisons to release Defendant to a halfway house." (citing 18 U.S.C. §§ 3621(b) & (b)(5))). The Court will thus construe Manior's motion as one for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

---

[1] On March 26, 2020, the Attorney General directed the Director of BOP, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, see 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g). Further, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, permits BOP, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." On April 3, 2020, the Attorney General issued a memorandum directing BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and at other similarly situated BOP facilities where COVID-19 is materially affecting operations." See Memorandum from the Attorney General to the Director of the Bureau of Prisons (Apr. 3, 2020), available at https://www.justice.gov/file/1266661/download. As a result, the BOP implemented the Attorney General's directive.

Before a prisoner can file a motion under § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). As the Government notes, Manior has not shown that he has exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A). Although Manior claims he "submitted a cop-out (communication) with staff well over 30 days prior to [his] filing," dkt. no. 473 at 13, he does not produce evidence to support that contention. Moreover, he does not indicate what kind of communication he submitted, i.e. whether he submitted a request for home confinement based on the CARES Act or a RIS based on compassionate release. As a result, Manior has not shown that he submitted a valid administrative request triggering the statutory thirty-day deadline. Furthermore, even if he did submit a valid request, Manior has not shown that thirty days have passed without a response from the Warden or that the Warden, in fact, denied his request and Manior has exhausted any appellate rights.

The BOP has an administrative process in place to determine how best to respond to the risk each individual inmate faces from COVID-19. The exhaustion requirement allows the BOP to apply that process in a timely and orderly manner without giving preferential

4

treatment to inmates who prematurely file motions with the Court. Having found that Manior has failed to exhaust his administrative remedies, the Court concludes that it does not have jurisdiction to decide Manior's request. See <u>United States v. Matthews</u>, No. 5:01-cr-18, 2020 WL 1845101, at *2 (M.D. Ga. Apr. 10, 2020) ("Because '[n]othing in the record ... indicates [petitioner] exhausted his administrative remedies before filing his request,' the Court does not have jurisdiction to consider the motion." (quoting <u>United States v. Coates</u>, 775 F. App'x 669, 671 (11th Cir. 2019))). Furthermore, the Court is not persuaded by Manior's argument that the exhaustion requirement should be waived. The statute does not contain a waiver exception, and the Court declines to create one.

Accordingly, Manior's motion, dkt. no. 473, is **DISMISSED.**

**SO ORDERED**, this 1st day of June, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA